(No. 34088.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNEST LOUIS LINDSTROM, Plaintiff in Error.

*Opinion filed November 26, 1956.*

SINGER & SINGER, of Highland Park, (PAUL S. STERN, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and ROBERT C. NELSON, State's Attorney, of Waukegan, (FRED G. LEACH, EDWIN A. STRUGALA, and KENNETH R. SHORTS, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

After trial by jury in the circuit court of Lake County, Ernest Louis Lindstrom was found guilty of having knowingly received stolen property. His punishment was fixed at imprisonment in the county jail for a period of 30 days, and a fine of $1000. Upon writ of error in the Appellate Court for the Second District the judgment was affirmed. (*People* v. *Lindstrom*, 9 Ill. App.2d 570.) Defendant now brings the record to this court by writ of error for further review. The sole contention is that the evidence is insufficient to prove guilty knowledge.

The record discloses that during the year 1954 defendant operated a tavern at which one Donald Duffy was a frequent customer. Duffy, who was employed as a stock clerk and checker at a National Tea Company food store, had stolen a set of keys to the store, procured a duplicate key to be made, and then returned the originals. He thereafter used the duplicate key to enter the store after closing time and steal various quantities of goods. In February, 1954, Duffy suggested to defendant that he could supply the latter with cigarettes at $1.50 per carton, a price substantially below that paid by defendant to his regular supplier. When defendant inquired if any risk was involved, or if they were stolen, Duffy assured him that they were not stolen and that the company he worked for had an oversupply. Duffy then went to the store of his employer, entered with his stolen key, and took a supply of cigarettes

618

which he delivered to defendant at the stated price. On several occasions thereafter, including that of June 1, 1954, for which defendant was indicted, Duffy brought cigarettes, meat, coffee, and butter to the tavern, and delivered them to defendant at prices substantially less than the regular market prices. It further appears that defendant was acquainted with the National Tea Company store, had often bought groceries there, and knew Duffy was employed there as a clerk. The deliveries from Duffy were made at night, after the store's closing time, and usually by way of the back door of defendant's tavern. The relevant testimony is fully set forth in the opinion of the Appellate Court, and it is unnecessary to relate it in detail here.

It is not disputed that the articles had been stolen and that defendant received them. He testified, however, that he did not know they were stolen, and he insists the evidence fails to show he had such knowledge. The contention was given careful consideration by the Appellate Court, which pointed out that guilty knowledge may be sufficiently shown by proof of attending facts and circumstances, even though positive proof is lacking. We have examined the record, and conclude the Appellate Court was correct in holding that the verdict was warranted by the evidence. Since that court's opinion fully answers the arguments now made in this court, it is unnecessary to prolong this opinion by another review of the authorities. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*